# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO RBC BANK (USA), SUCCESSOR TO RBC CENTURA BANK, SUCCESSOR TO REGIONS BANK, DOING BUSINESS AS AMSOUTH BANK,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**SOUTHERN SPORTS SUPPLY, CORP. A/K/A SOUTHERN SPORTS SUPPLY, INC., B. A. BUSINESS PROPERTIES, LLC, CHARLES D. THUSS and JAMIE L. THUSS,**<br><br>        **Defendants.** | **CASE NO.: 1:14-CV-00253** |

## COMPLAINT

Comes now the Plaintiff, PNC Bank National Association, (the "Bank") successor to RBC Bank (USA), successor to RBC Centura Bank, successor to Regions Bank, doing business as AmSouth Bank, which is a national bank chartered under the laws of the United States, with the Bank's home office located in the State of Delaware, with its principal place of business located in the

DOCSBHM\1999161\5

State of Pennsylvania, which is qualified to do business in the State of Alabama, and states its complaint against Southern Sports Supply, Corp. a/k/a Southern Sports Supply, Inc. (hereinafter the "CORP"), B. A. Business Properties, LLC (hereinafter the "LLC"), Charles D. Thuss (hereinafter "CDT") and Jamie L. Thuss (hereinafter "JLT") (hereinafter the CORP, the LLC, CDT and JLT are collectively referred to as the "Defendants"), as follows:

## PARTIES, JURISDICTION AND VENUE

1. This Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332(a), which grants district courts original jurisdiction in all civil actions between citizens of different states when the amount in controversy exceeds $75,000.

2. Venue is proper pursuant to 28 U.S.C. §1391(a) (1) and §1391 (a) (2).

3. As set forth below, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. The Bank is a national bank, chartered under the laws of the United States, has its home office located in the State of Delaware, has its principal place of business located in the State of Pennsylvania, and is qualified to do business in the State of Alabama. Pursuant to 28 U.S.C. § 1332(c) (1), the Bank is a citizen of both Delaware and Pennsylvania.

2

5. By virtue of the assignment of the loan documents made the basis of this Complaint from Regions Bank, doing business as AmSouth Bank to RBC Centura Bank, RBC Centura Bank changing its name to RBC Bank (USA) and the Bank's merger with RBC Bank (USA), the Bank is the lawful owner and holder of the Promissory Notes, Mortgages, Guarantees, Loan Documents and Indebtedness made the basis of this Complaint as set forth below. *See* Articles of Merger attached hereto as Exhibit "1".

6. Upon information and belief the Defendant CORP is a corporation formed under the laws of the State of Alabama which maintains its principal office in Mobile County, Alabama.

7. The Defendant LLC is a limited liability company formed under the laws of the State of Alabama whose members are, upon information and belief, CDT and JLT, and are, upon information and belief, both resident citizens of the State of Alabama living in Mobile County, Alabama. Attached hereto as Exhibit "2" are copies of the Articles of Formation of the Defendant LLC and a certificate from the Alabama Secretary of State attesting that the attached Articles of Formation of the Defendant LLC are true, accurate and are a literal copy of the Articles of Formation filed on behalf of the Defendant LLC on 1/24/06. *See* the Alabama Secretary of State Certificate and Articles of Formation attached hereto as Exhibit "2".

8. The individual Defendant CDT is a resident citizen of the State of Alabama who, upon information and belief, resides in Mobile County, Alabama.

9. The individual Defendant JLT is a resident citizen of the State of Alabama who, upon information and belief, resides in Mobile County, Alabama.

10. Upon information and belief, the Defendants are all citizens of Mobile County in the State of Alabama.

## FACTS – CORP

**Promissory Note dated January 10, 2005, Change in Terms Agreement dated February 19, 2008, Change in Terms Agreement dated March 19, 2009, Change in Terms Agreement dated September 30, 2009, Extension Letter dated October 15, 2010, Extension Letter dated November 30, 2010, Change in Terms Agreement dated March 3, 2011, Promissory Note dated May 20, 2008, Guaranty Agreements – Charles D. Thuss dated October 16, 2006, February 19, 2008, May 20, 2008 and March 19, 2009, and Guaranty Agreement – Jamie L. Thuss dated May 20, 2008.**

11. On January 10, 2005, the CORP executed a Note for Business and Commercial Purposes in the amount of $200,000.00 (the "Original 2005 CORP Note"). The Original 2005 CORP Note was amended by those certain Change in Terms Agreements and Extension Letters referenced above, all of which are hereinafter collectively referred to as the "2005 CORP Note." *See* The Original 2005 CORP Note and the Change in Terms Agreement dated February 19, 2008, Change in Terms Agreement dated March 19, 2009, Change in Terms Agreement dated September 30, 2009, Extension Letter dated October 15, 2010, Extension

4

Letter dated November 30, 2010, and Change in Terms Agreement dated March 3, 2011, attached hereto collectively as Exhibit "3".

12. On May 20, 2008, the CORP executed a Promissory Note in the original principal amount of $130,500.00 (the "2008 CORP Note"). *See* the 2008 CORP Note attached hereto as Exhibit "4".

13. The 2005 CORP Note and the 2008 CORP Note are secured by several Guaranty Agreements of CDT dated January 10, 2005, October 16, 2006, May 20, 2008 and March 19, 2009, respectively (the "CDT CORP Guarantees"). *See* the respective Guaranty Agreements of CDT attached hereto collectively as Exhibit "5".

14. The 2005 CORP Note and the 2008 CORP Note are secured by the Guaranty Agreement of JLT dated May 20, 2008 (the "JLT CORP Guaranty"). *See* the Guaranty Agreement of JLT attached hereto as Exhibit "6".

15. The 2005 CORP Note matured on August 28, 2011, by virtue of the maturity date set forth in the March 3, 2011 Change in Terms Agreement (attached as part of Exhibit "3").

16. The CORP defaulted upon the 2005 CORP Note and the 2008 CORP Note for reasons including but not limited to the CORP having failed to pay sums due when called for under the 2005 CORP Note and the 2008 CORP Note and also for having failed to pay the 2005 CORP Note in full upon its maturity.

17.     By virtue of the maturity and default of the CORP on the 2005 CORP Note, the CORP's default in payment of the 2008 CORP Note and the additional default of the CORP being no longer in business, the 2005 CORP Note and the 2008 CORP Note were accelerated and demand was made upon the CORP for payment of all sums due under the accelerated 2005 CORP Note and the accelerated 2008 CORP Note and upon CDT and JLT under the CDT CORP Guarantees and the JLT CORP Guaranty.  *See* Demand and Acceleration Letter to the CORP, CDT and JLT dated February 21, 2014 attached hereto as Exhibit "7".

18.     The CORP, CDT and JLT failed to pay and have defaulted upon and breached their respective obligations to the Bank as set forth above.

19.     As of June 2, 2014 the CORP is currently indebted to the Bank on the 2005 CORP Note, exclusive of attorney's fees, future interest, expenses and costs, the total sum of $206,938.93, consisting of principal in the amount of $183,381.39, accrued interest in the amount of $22,233.71, and late charges of $1,323.83.  Per Diem interest shall continue to accrue at the rate of $21.65 thereafter (all of the foregoing in this paragraph being the "2005 CORP Note Indebtedness").

20.     As of June 2, 2014 the CORP is currently indebted to the Bank on the 2008 CORP Note, exclusive of attorney's fees, future interest, expenses and costs, the total sum of $93,390.87 consisting of principal in the amount of

$76,552.16, accrued interest in the amount of $12,431.86, and late charges of $4,406.85. Per Diem interest shall continue to accrue at the rate of $10.49 thereafter (all of the foregoing in this paragraph being the "2008 CORP Note Indebtedness").

21. Under the 2005 CORP Note, the CORP is obligated to reimburse the Bank for all costs of collection, including without limitation, reasonable attorney's fees (together with the 2005 CORP Note Indebtedness, the "Total 2005 CORP Note Indebtedness").

22. Under the 2008 CORP Note, the CORP is obligated to reimburse the Bank for all costs of collection, including without limitation, reasonable attorney's fees (together with the 2008 CORP Note Indebtedness, the "Total 2008 CORP Note Indebtedness").

23. As of June 2, 2014, pursuant to the CDT CORP Guarantees, CDT owes the Bank, exclusive of attorney's fees, future interest, expenses and costs, the total combined sum of the 2005 CORP Note Indebtedness and the 2008 CORP Note Indebtedness in the amount of $300,329.80 consisting of combined principal of the in the amount of $259,933.55, combined accrued interest in the amount of $34,665.57, and combined late charges of $5,730.68. Per Diem interest shall continue to accrue on this indebtedness at the combined rate of $32.14 thereafter

7

(all of the foregoing in this paragraph being the "CDT CORP Guarantees Indebtedness").

24. As of June 2, 2014, pursuant to the JLT CORP Guaranty, JLT owes the Bank, exclusive of attorney's fees, future interest, expenses and costs, the total combined sum of the 2005 CORP Note Indebtedness and the 2008 CORP Note Indebtedness in the amount of $300,329.80 consisting of combined principal in the amount of $259,933.55, combined accrued interest in the amount of $34,665.57, and combined late charges of $5,730.68. Per Diem interest shall continue to accrue on this indebtedness at the combined rate of $32.14 thereafter (all of the foregoing in this paragraph being the "JLT CORP Guaranty Indebtedness").

25. Under the CDT CORP Guarantees, CDT is obligated to reimburse the Bank for all costs of collection, including without limitation, reasonable attorney's fees (together with the CDT CORP Guarantees Indebtedness, the "Total CDT CORP Guarantees Indebtedness").

26. Under the JLT CORP Guaranty, JLT is obligated to reimburse the Bank for all costs of collection, including without limitation, reasonable attorney's fees (together with the JLT CORP Guaranty Indebtedness, the "Total JLT CORP Guaranty Indebtedness").

## FACTS – LLC

**Promissory Note dated August 29, 2006, Change in Terms Agreement dated April 10, 2008, Mortgage dated August 29, 2006, Guaranty Agreement – Charles D. Thuss dated April 10, 2008 and Guaranty Agreement dated April 10, 2008 – Jamie L. Thuss.**

27. On August 29, 2006, the LLC executed a Note for Business and Commercial Loans dated August 29, 2006, in the original principal amount of $301,750.00 (the "2006 LLC Note") which was modified by that certain Change in Terms Agreement dated April 10, 2008 (the "2008 CIT" and hereinafter the 2006 LLC Note and the 2008 CIT are collectively referred to as the "LLC Note")  *See* August 29, 2006 LLC Note, and the 2008 CIT, each attached hereto respectively and collectively as Exhibit "8".

28. The LLC Note is secured by that certain Mortgage dated August 29, 2006 which was recorded at Instrument Number 2006068144 in Book 6039 and Page 11 on September 7, 2006.  *See.* The LLC Mortgage attached hereto as Exhibit "9".

29. The LLC defaulted on the LLC Note for reasons including but not limited to CDT and JLT having failed to pay sums due under the CDT CORP Guarantees Indebtedness and the JLT CORP Guaranty Indebtedness owing on the 2005 CORP Note and the 2008 CORP Note when called for under the Demand and Acceleration of that Indebtedness.  The default of guarantors CDT and JLT constituted a default under the LLC Note.

9

30. The LLC Note is secured by the Guaranty Agreement of CDT dated August 29, 2006 (the "CDT LLC Guaranty"). *See* the Guaranty Agreement of CDT, attached hereto as Exhibit "10".

31. The LLC Note is also secured by the Guaranty Agreement of JLT dated August 29, 2006 (the "JLT LLC Guaranty"). *See* The Guaranty Agreement of JLT, attached hereto as Exhibit "11".

32. By virtue of the default of CDT and JLT as set forth above, the LLC Note, was accelerated and demand was made upon the LLC, CDT and JLT for payment for all sums due to the Bank under the accelerated LLC Note and under the CDT LLC Guaranty and the JLT LLC Guaranty. *See* Demand and Acceleration letter to the LLC, CDT and JLT dated February 21, 2014, attached hereto as Exhibit "12".

33. The LLC, CDT and JLT failed to pay the Bank and have defaulted upon and breached their respective obligations to the Bank.

34. As of June 2, 2014, the LLC is currently indebted to the Bank on the LLC Note, exclusive of attorney fees, future interest, expenses and costs, the total sum of $279,520.06, consisting of principal in the amount of $273,017.43, accrued interest in the amount of $6,414.47, and late charges of $88.16. Per Diem interest shall continue to accrue at the rate of $53.01 thereafter (all of the foregoing in this paragraph being the "LLC Note Indebtedness").

35. Under the LLC Note, the LLC is obligated to reimburse the Bank for all costs of collection, including without limitation, reasonable attorney's fees. (together with the LLC Note Indebtedness, the "Total LLC Note Indebtedness").

36. As of May 2, 2014, pursuant to the CDT LLC Guaranty, CDT owes the Bank, exclusive of attorney's fees, future interest, expenses and costs, the total sum of $279,520.06, consisting of principal in the amount of $273,017.43, accrued interest in the amount of $6,414.47, and late charges of $88.16. Per Diem interest shall continue to accrue at the rate of $53.01 thereafter (all of the foregoing in this paragraph being the "CDT LLC Guaranty Indebtedness").

37. As of May 2, 2014, pursuant to the JLT LLC Guaranty, JLT owes the Bank, exclusive of attorney's fees, future interest, expenses and costs, the total sum of $279,520.06 consisting of principal in the amount of $273,017.43, accrued interest in the amount of $6,414.47, and late charges of $88.16. Per Diem interest shall continue to accrue at the rate of $53.01 thereafter (all of the foregoing in this paragraph being the "JLT LLC Guaranty Indebtedness").

38. Under the CDT LLC Guaranty, CDT is obligated to reimburse the Bank for all costs of collection, including without limitation, reasonable attorney's fees (together with the CDT LLC Guaranty Indebtedness, the "Total CDT LLC Guaranty Indebtedness").

39.     Under the JLT LLC Guaranty, JLT is obligated to reimburse the Bank for all costs of collection, including without limitation, reasonable attorney's fees (together with the JLT LLC Guaranty Indebtedness, the "Total JLT LLC Guaranty Indebtedness").

## COUNT I
### (BREACH OF THE 2005 CORP NOTE – CORP)

40.     The Bank incorporates and avers each of the foregoing paragraphs 1 through 39 as if fully set forth herein and further says as follows:

41.     The CORP is indebted to the Bank for the full amount of the Total 2005 CORP Note Indebtedness, which includes reasonable attorney's fees, by virtue of the CORP's breach and default under the 2005 CORP Note.

42.     The failure and/or refusal of the CORP to pay the 2005 CORP Note Indebtedness as and when due, or upon demand, therefore constitutes a breach of the CORP's obligations under the 2005 CORP Note.

**WHEREFORE,** the Bank demands judgment against the CORP for the breach of the Note in the amount of the Total 2005 CORP Note Indebtedness, and all other relief to which the Bank is entitled.

## COUNT II
### (BREACH OF THE 2008 CORP NOTE – CORP)

43.     The Bank incorporates and avers each of the foregoing paragraphs 1 through 42 as if fully set forth herein and further says as follows:

44. The CORP is indebted to the Bank for the full amount of the Total 2008 CORP Note Indebtedness, which includes reasonable attorney's fees, by virtue of the CORP's breach and default under the 2008 CORP Note.

45. The failure and/or refusal of the CORP to pay the 2008 CORP Note Indebtedness as and when due, or upon demand, therefore constitutes a breach of the CORP's obligations under the 2008 CORP Note.

**WHEREFORE,** the Bank demands judgment against the CORP for the breach of the 2008 CORP Note in the amount of the Total 2008 CORP Note Indebtedness, and all other relief to which the Bank is entitled.

## COUNT III
## (BREACH OF CDT CORP GUARANTY AGREEMENT – CDT)

46. The Bank incorporates and avers each of the foregoing paragraph numbers 1 through 45 as if fully set forth herein and further says as follows:

47. CDT is indebted to the Bank for the full amount of the Total CDT CORP Guarantees Indebtedness, which includes reasonable attorney's fees, by virtue of the CORP's breach under the 2005 CORP Note and the 2008 CORP Note and CDT's breach of the CDT CORP Guarantees.

48. The failure and/or refusal of CDT to pay the CDT CORP Guarantees Indebtedness as and when due, or upon demand under the CDT CORP Guarantees, therefore constitutes a breach of the CDT CORP Guarantees.

DOCSBHM\1999161\5

**WHEREFORE,** the Bank demands judgment against CDT for the breach of the CDT CORP Guarantees in the amount of the Total CDT CORP Guarantees Indebtedness, and all other relief to which the Bank is entitled.

## COUNT IV
## (BREACH OF JLT CORP GUARANTY AGREEMENT – JLT)

49.   The Bank incorporates and avers each of the foregoing paragraph numbers 1 through 48 as if fully set forth herein and further says as follows:

50.   JLT is indebted to the Bank for the full amount of the Total JLT CORP Guaranty Indebtedness, which includes reasonable attorney's fees, by virtue of the CORP's breach under the 2005 CORP Note and the 2008 CORP Note and JLT's breach of the JLT CORP Guaranty.

51.   The failure and/or refusal of JLT to pay the JLT CORP Guaranty Indebtedness as and when due, or upon demand under the JLT CORP Guaranty, therefore constitutes a breach of the JLT CORP Guaranty.

**WHEREFORE,** the Bank demands judgment against JLT for the breach of the JLT CORP Guaranty in the amount of the Total JLT CORP Guaranty Indebtedness, and all other relief to which the Bank is entitled.

## COUNT V
## (BREACH OF THE LLC NOTE – LLC)

52.   The Bank incorporates and avers each of the foregoing paragraphs 1 through 51 as if fully set forth herein and further says as follows:

14

53. The LLC is indebted to the Bank for the full amount of the Total LLC Note Indebtedness, which includes reasonable attorney's fees, by virtue of the LLC's breach and default under the LLC Note.

54. The failure and/or refusal of the LLC to pay the LLC Note Indebtedness as and when due, or upon demand, therefore constitutes a breach of the LLC's obligations under the LLC Note.

**WHEREFORE,** the Bank demands judgment against the LLC for the breach of the LLC Note in the amount of the Total LLC Note Indebtedness, and all other relief to which the Bank is entitled.

## COUNT VI
### (BREACH OF CDT LLC GUARANTY AGREEMENT – CDT)

55. The Bank incorporates and avers each of the foregoing paragraph numbers 1 through 54 as if fully set forth herein and further says as follows:

56. CDT is indebted to the Bank for the full amount of the Total CDT LLC Guaranty Indebtedness, which includes reasonable attorney's fees, by virtue of the LLC's breach under the LLC Note and CDT's breach of the CDT LLC Guaranty.

57. The failure and/or refusal of CDT to pay the CDT LLC Guaranty Indebtedness as and when due, or upon demand under the CDT LLC Guaranty, therefore constitutes a breach of the CDT LLC Guaranty.

**WHEREFORE,** the Bank demands judgment against CDT for the breach of the CDT LLC Guaranty in the amount of the Total CDT LLC Guaranty Indebtedness, and all other relief to which the Bank is entitled.

### COUNT VII
### (BREACH OF JLT LLC GUARANTY AGREEMENT – JLT)

58. The Bank incorporates and avers each of the foregoing paragraph numbers 1 through 57 as if fully set forth herein and further says as follows:

59. JLT is indebted to the Bank for the full amount of the Total JLT LLC Guaranty Indebtedness, which includes reasonable attorney's fees, by virtue of the LLC's breach under the LLC Note and JLT's breach of the JLT LLC Guaranty.

60. The failure and/or refusal of JLT to pay the JLT LLC Guaranty Indebtedness as and when due, or upon demand under the JLT LLC Guaranty, therefore constitutes a breach of the JLT LLC Guaranty.

**WHEREFORE,** the Bank demands judgment against JLT for the breach of the JLT LLC Guaranty in the amount of the Total JLT LLC Guaranty Indebtedness, and all other relief to which the Bank is entitled.

/s/ George M. Neal, Jr.
George M. Neal, Jr. (NEALG7741)
C. Lee Reeves (REEVC1806)
T. Julian Motes (MOTET6512)
Attorneys for PNC Bank, National Association, successor to RBC Bank

(USA), successor to RBC Centura Bank, successor to Regions Bank, doing business as AmSouth Bank

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Birmingham, AL  35205
Telephone:  (205) 930-5100
Facsimile:  (205) 930-5101
jneal@sirote.com
lreeves@sirote.com

**SIROTE & PERMUTT, P.C.**
One St Louis Centre Suite 1000
Mobile, AL  36602
Telephone:  (251) 432-1671
Facsimile:  (251) 434-0196
jmotes@sirote.com

**SERVE DEFENDANTS BY SPECIAL PROCESS SERVER**

Southern Sports Supply, Corp.
3211 Wynncliff Court East
Mobile, AL 36695
Attention: Charles D. Thuss, President

B. A. Business Properties, LLC
3211 Wynncliff Court East
Mobile, AL 36695
Attention: Charles D. Thuss, Member and Registered Agent

Charles D. Thuss
3211 Wynncliff Court East
Mobile, AL 36695

Jamie L. Thuss
3211 Wynncliff Court East
Mobile, AL 36695

17